UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
           Plaintiff,

v.                                  Case No. 18-CR-100

**LASZERRICK T. GRIFFIN,**
           Defendant.

## REPORT AND RECOMMENDATION

1. **Background**

The grand jury charged Laszerrick T. Griffin with possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). On June 22, 2018, Griffin filed a motion to suppress. (ECF No. 15.) An evidentiary hearing was held before this court on June 29, 2018. A summary of the evidence adduced at the hearing is set forth below. For the reasons that follow, the court will recommend that Griffin's motion to suppress be denied.

2. **Facts**

Milwaukee Police Officers Anthony Milone and Zachary Kwiatkowski were patrolling together on the evening of March 23, 2018, in the area of North 28th Street and West Burleigh Street. They were driving a Ford Explorer, which although fully

marked with police identification and emergency lights was not equipped with a video recording system—i.e., a dashcam. They observed a red Mercury Sable driving north on North 28th Street, serpentining across all lanes of traffic. North 28th Street is a residential street without a painted center dividing line; instead, a seam in the concrete delineates the mid-point of the road.

Because cars were parked intermittently on both sides of the street, it would not be uncommon for a vehicle traveling north to drive partially left of what would be the center of the road to keep a safe distance from the vehicles parked to the right. Milone testified that he would not stop a car if it was for this sort of lane deviation. However, that was not what the Sable was doing. According to the officers, the driver of the Sable was not simply maneuvering around parked cars but rather was weaving from curb to curb independent of parked cars. Milone testified that he regarded the manner in which the Sable was driving as consistent with joyriding of stolen vehicles.

Milone, who was driving, activated the officers' vehicle's emergency lights. As the Sable stopped, Milone saw the driver digging along his right side. As a result, Milone approached the driver quickly, without pausing to activate his bodycam. Kwiatkowski approached the passenger side of the Sable and told Milone that he observed an open wine or cognac bottle in the Sable.

The driver of the Sable, Griffin, provided his identification to Milone. Milone and Kwiatkowski returned to their vehicle. They checked to see whether Griffin had a valid

driver's license and whether he had any warrants for his arrest. Milone learned that Griffin was on probation or parole after having been convicted of possessing a firearm as a felon.

The officers returned to the Sable and asked Griffin to step out. Griffin repeatedly refused but complied after Milone opened the door to the Sable. Milone asked Griffin if he had any guns on him. Griffin said he did. Because Milone knew Griffin was a felon, he knew Griffin could not lawfully possess a firearm. Therefore, Milone handcuffed Griffin, patted him down, and recovered the handgun from his right side. Kwiatkowski issued Griffin a traffic citation for violating City of Milwaukee ordinance 101-1-2, selecting the title of the violation as "operating left of center line." (Ex. 5.)

3. **Analysis**

City of Milwaukee ordinance 101-1-2 simply adopts state traffic laws. Thus, the court looks to the Wisconsin statutes for the substantive law. Wisconsin Statute section 346.05 states, "Upon all roadways of sufficient width the operator of a vehicle shall drive on the right half of the roadway and in the right–hand lane of a 3–lane highway…" The statute then provides various exceptions, including allowing operation left of the center line "[w]hen overtaking and passing … obstructions on the right half of the roadway." Wis. Stat. § 346.05(d).

A driver violates this statute even if the center line is unpainted and even if his entire vehicle does not cross the midpoint of the roadway. *State v. Popke*, 2009 WI 37, ¶16, 317 Wis. 2d 118, 765 N.W.2d 569 (holding probable cause existed to stop defendant for violating Wis. Stat. § 346.05 when "the defendant subsequently 'swerved' into the left lane of traffic and that resulted in the defendant's vehicle being three-quarters left of the center of the road, which was identified by a black strip of tar). Therefore, if the court concludes that Griffin did drive as the officers described, then the officers lawfully stopped him.

Griffin asks the court to reject the officers' testimony because the traffic violation was not recorded with the officers' body cameras. (ECF No. 23 at 2-4.) Milwaukee Police Department policy instructs officers to "make every effort to activate their [body worn camera] for all investigative or enforcement contacts including, but not limited to … [v]ehicle stops …." (ECF No. 23-1 at 4.) But the same policy also states "that officer safety is paramount. Members with a [body worn camera] who arrive on a scene or engage in an enforcement contact must start recording as soon as it is safe and practical to do so." (ECF No. 23-1 at 4.) The officers testified that they did so. The court did not receive any video as evidence but received four screenshots from the body camera video. Although the officers presumably could have activated their body cameras immediately upon seeing the vehicle, and thus *before* initiating the traffic stop, the court does not read the department's policy as requiring that they do so. And even if it did,

Griffin has not shown that non-compliance with a department policy would, without more, justify suppression.

In assessing the officers' credibility, the court notes that, counting this case, Milone has been involved in at least five arrests that have led to federal prosecutions. *United States v. Jones*, 889 F.3d 876 (7th Cir. 2018); *United States v. Bell*, No. 17-cr-90-pp, 2018 U.S. Dist. LEXIS 71966 (E.D. Wis. Apr. 30, 2018) (order adopting magistrate judge recommendation); *United States v. Bell*, No. 17-CR-90, 2017 U.S. Dist. LEXIS 220558 (E.D. Wis. Dec. 29, 2017) (report and recommendation); *United States v. Brantley*, No. 16-CR-188, 2017 U.S. Dist. LEXIS 220618 (E.D. Wis. Mar. 13, 2017) (report and recommendation); *United States v. Richmond*, No. 16-cr-197-pp, 2017 U.S. Dist. LEXIS 137801 (E.D. Wis. Aug. 28, 2017) (order adopting magistrate judge recommendation);; *United States v. Richmond*, No. 16-CR-197-WED-PP, 2017 U.S. Dist. LEXIS 138817 (E.D. Wis. Apr. 6, 2017) (report and recommendation). The court did not identify any record of Kwiatkowski having been previously associated with a federal prosecution.

In *Brantley*, Judge Jones concluded that, although not necessarily untruthful, Milone's testimony "reflect[ed] an inaccurate recollection of the sequence of events" when he testified that, over the distance of 80 yards and in the dark, he could see a person had light complexion and was wearing black rimmed glasses. 2017 U.S. Dist. LEXIS 220618 at *14 n.3. Milone did not activate his body-camera in that incident either. *Id.* at *5.

5

In *Bell*, Milone testified that, upon seeing the squad car, the defendant ran. The defendant testified that he fled only after Milone grabbed him by the shirt. *Bell*, 2018 U.S. Dist. LEXIS 71966, at *4; *Bell*, 2017 U.S. Dist. LEXIS 220558, at *5-6. The defense attempted to undermine Milone's account by introducing criminal complaints in which Milone frequently claimed "unprovoked flight" as the basis for stopping a person. While acknowledging that the criminal complaints "appear to have been written using a template" to allege unprovoked flight, the court nonetheless concluded that Bell's account was incredible. *Bell*, 2017 U.S. Dist. LEXIS 220558, at *20.

In both *Brantley*, 2017 U.S. Dist. LEXIS 220618, at *5, and *Jones*, No. 16-CR-179 (ECF No. 54 at 68, 89-92), Milone was equipped with a body camera but did not activate it. In *Richmond*, No. 16-CR-197, only Milone's partner was explicitly asked about whether he had a body camera. He testified that he did not activate it until after the defendant's arrest. (ECF No. 33 at 13, 19.) Although Milone was issued a body camera prior to the arrest—in July 2016 (18-CR-100, ECF No. 21 at 9)—insofar as the court did not receive it in evidence there was apparently no body camera footage from Milone.

Against this backdrop, it appears Milone has a habit of not activating his body camera as soon as called for under the department's policy. And in a close case such a pattern might tip the balance in favor of a defendant's version of the events. But this is not a close case. No evidence was introduced to contradict the testimony of Milone and Kwiatkowski.

6

It certainly would have been preferable if these events had been recorded, either by a vehicle or body camera. Recording serves the interests of all involved, including the officers. It protects them against specious attacks on their credibility. But the absence of such evidence, standing alone, does not support discrediting unrefuted testimony.

The court finds that Griffin did drive in a serpentine manner, deviating from the right-side driving lane in a manner not consistent with the need to merely avoid parked cars. Driving in that manner provided probable cause for the officers to stop the vehicle for a suspected violation of Wis. Stat. § 346.05. Griffin does not challenge any of the subsequent events. Therefore, the court finds no basis to recommend suppressing any evidence.

**IT IS THEREFORE RECOMMENDED** that Laszerrick T. Griffin's motion to suppress (ECF No. 13) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 7th day of August, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge